IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR VARGAS TORRES, | ) |
| Plaintiff, | ) Civil Action No. 16-962 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| CO BEVERAGE, DAVID DORALLE SMITH, CO CORNS, STEPHEN BUZAS, SUSAN BERRIER, CARL E. WALKER, SWITZER, SGT. GARY DOBISH, and SECRETARY WETZEL, | ) Re: ECF No. 30 |
| Defendants. | ) |

# OPINION

**KELLY, Chief Magistrate Judge**

Plaintiff, Hector Vargas Torres, a prisoner incarcerated at the State Correctional Institution at Huntingdon, instituted this action seeking declaratory relief, injunctive relief, compensatory damages and punitive damages for civil rights violations by employees of the State Correctional Institution at Fayette ("SCI Fayette"). ECF No. 1. Presently before the Court is a Motion to Dismiss filed by Defendants CO Beverage, David Doralle Smith, CO Corns, Stephen Buzas, Susan Berrier, Carl E. Walker, Switzer, Sgt. Gary Dobish, and Secretary Wetzel (collectively, "Defendants"). ECF No. 30.

For the following reasons, Defendants' Motion to Dismiss will be denied in part and granted in part without prejudice to Plaintiff's ability to file an Amended Complaint.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint on June 23, 2016. ECF No. 1. Plaintiff makes the following allegations in his Complaint. On January 21, 2015, Defendant Sergeant Dobish radioed Defendant Switzer, a lieutenant at SCI Fayette, and told him that Plaintiff had his cell door covered with a mattress. Id. ¶ 20.[1] Defendant Switzer called Plaintiff to come to the door to be handcuffed. Id. ¶ 5. Plaintiff tried to put his hands through the food slot, but was sprayed in the face, chest and hands with half of a can of "O.C. spray."[2] Id. Defendants Dobish, Beverage, Smith, Corns, Wetzel and Walker were present during the spraying but did nothing to prevent it or stop it. Id. ¶¶ 11-15, 18. Defendant Buzas, the unit manager, did nothing to stop the spraying. Id. ¶ 16. Plaintiff told all Defendants that he was allergic to O.C. spray and it would burn his skin, but Defendants did not call "medical" to find out about Plaintiff's allergy. Id. ¶ 6. The "medical department" tampered with Plaintiff's medical records and created a new record stating that Plaintiff was not allergic to O.C. spray. Id. ¶ 7. Defendant Berrier, the head supervisor of the medical department, is responsible for not providing information as to Plaintiff's allergy and for tampering with his medical records. Id. ¶¶ 17[a]-17[b].[3] Further, although Plaintiff was permitted to clean his face, he was not permitted to clean his hands or his chest and was denied a shower. Id. Plaintiff requested a sick call that day but was denied one. Id. ¶ 21. Plaintiff requested another sick call three weeks later but that was also denied. Id. ¶ 22.

---

[1] Defendants submitted a videotape of the subject incident to the Court as an exhibit to their Brief in Support of the Motion to Dismiss, ECF No. 31-14. This videotape presents a version of events that differs significantly from that alleged by Plaintiff in his Complaint. At this stage of the proceedings, the Court cannot consider the video evidence; however, at the summary judgment stage of this case, this evidence will likely provide a substantial barrier to the advancement of Plaintiff's case.

[2] O.C. stands for oleoresin capsicum. O.C. spray is commonly known as pepper spray.

[3] There are two paragraphs numbered 17.

2

On October 5, 2016, Defendants filed the instant Motion to Dismiss and a Brief in Support thereof. ECF Nos. 30-31. On December 1, 2016, Plaintiff filed an Affidavit which the Court construed as a response in opposition to the Motion to Dismiss. ECF Nos. 37-38. The Motion to Dismiss is now ripe for consideration.

## II. STANDARD OF REVIEW

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. Legal Principles

In order to succeed on a Section 1983 claim, a claimant must show: (1) the conduct complained of was performed by a person acting under color of state law; and (2) this conduct deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Finally, when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### B. Plaintiff's Claims

In the "Legal Claims" section of his Complaint, Plaintiff raises claims of: (1) excessive force against Defendant Switzer for spraying him, ECF No. 1 ¶¶ 26-27; (2) excessive force against unnamed persons who witnessed the spraying, failed to correct it and encouraged its continuation, id. ¶ 28; (3) retaliation against Defendant Switzer for threatening Plaintiff with physical violence

4

for exercising his rights to seek redress through prison grievance system, id. ¶ 29, and (4) deliberate indifference against Defendant Switzer and "his co-conspired officers mentioned here," id. ¶ 30.

### C. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint on multiple bases.

#### 1. Frivolity

Defendants initially argue that Plaintiff has failed to allege a showing of physical injury that is more than *de minimis*. ECF No. 31 at 7-9. Plaintiff alleges that the O.C. spray affected his eyes, mouth, hands and chest, blocked his breathing and that he continued to suffer pain therefrom on his head and his hands three weeks later. ECF No. 1 ¶¶ 20, 22. These allegations, at this early stage of the case, establish a plausible claim of a physical injury that is more than *de minimis*. Accordingly, the Motion to Dismiss on this basis is denied.

#### 2. Force was not excessive.

Defendants next argue that a full review of the circumstances of the subject incident reveals the force used was justified, tempered and exercised at the minimum level to obtain Plaintiff's compliance. ECF No. 31 at 9-13. To support their argument, Defendants rely on evidence from a videotape sent to the Court as an exhibit to their Brief in Support of the Motion to Dismiss, ECF No. 31-14.

When prison officials are accused of using excessive force, the court's inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Because this analysis entails questions of motivation, such claims often turn on factual disputes which cannot

be resolved as a matter of law. There are several factual considerations that a court must examine in determining whether a correctional officer has used excessive force including: "'(l) the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

As set forth above in Footnote 1, the Court cannot consider this videotape evidence at the motion to dismiss stage of the litigation. Accordingly, the Motion to Dismiss on this basis is denied.

### 3. No deliberate indifference

Citing to case law explaining how negligent treatment cannot support a claim of deliberate indifference, Defendants next argue that because Plaintiff received medical treatment after the spraying, he has not alleged a valid claim of deliberate indifference. ECF No. 31 at 13-15.

A refusal to provide medical care to a prisoner violates the Eighth Amendment's prohibition of "cruel and unusual punishment." U.S. Const. amend. VIII. "Regardless of how evidenced," whether "manifested by prison doctors in their response to the prisoner's need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "The Estelle standard requires deliberate indifference on the part of the prison officials

6

and it requires the prisoner's medical needs to be serious." Spruill v. Gillis, 372 F.3d 218, 235-236 (3d Cir. 2004). The Estelle standard is met when: (1) a doctor is "intentionally inflicting pain on [a] prisoner," (2) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury," or (3) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care." Id. at 235. Further, if a prisoner is receiving medical treatment, a non-medical prison official must have "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating)" the prisoner in order to be liable for deliberate indifference. Id. at 236.

Plaintiff alleges that his requests to receive additional medical care, both on the day of the incident, as well as three weeks later, were denied. ECF No. 1 ¶¶ 21-22. Again, these allegations, at this early stage of the case, form a plausible claim of deliberate indifference. Accordingly, the Motion to Dismiss on this basis is denied.

### 4. Lack of personal involvement

Defendants next argue that Plaintiff has failed to allege the personal involvement of Defendants Corns, Wetzel, Buzas, Berrier and Walker in any cognizable form. ECF No. 31 at 16-17. Defendants assert that Plaintiff "fails to set forth any allegation concerning what involvement these individuals had to the incident alleged in the Complaint." ECF No. 31 at 17.

However, as to Defendants Corns, Wetzel and Walker, Plaintiff alleges that they were "there" when he was sprayed and that they did nothing to stop the force of the spray or to prevent it from happening. ECF No. 1 ¶¶ 14, 15, 18. As to Defendant Buzas, Plaintiff alleges that Buzas is the unit manager and that he "did nothing to stop his lieutenant" from using the spray. Id. ¶ 16.

7

These allegations of actual knowledge and acquiescence, viewed in the proper light, are sufficient to establish a plausible claim of excessive force against these Defendants at this initial stage of the case.

As to Defendant Berrier, Plaintiff alleges that she is the head supervisor of the medical department and is responsible for not notifying the other Defendants of Plaintiff's allergy to O.C. spray and thus endangered his life. ECF No. 1 ¶ 17[a]. Plaintiff further alleges that Defendant Berrier is responsible for the tampering with his medical file and deleting his allergy to O.C. spray therefrom. Id. ¶ 17[b]. However, Plaintiff does not assign a civil rights claim to Defendant Berrier in his Complaint, nor is one apparent from the allegations. Thus, Plaintiff has failed to establish a plausible claim of Section 1983 liability against Defendant Berrier.

Accordingly, the Motion to Dismiss on this basis is denied as to Defendants Corns, Wetzel and Walker and granted as to Defendant Berrier without prejudice for Plaintiff to file an Amended Complaint setting forth a claim against Defendant Berrier.

### 5. Insufficient allegations of First Amendment violation

Defendants also argue that, although Plaintiff lists a claim of retaliation against Defendant Switzer in the "Legal Claims" section of his Complaint, id. ¶ 29, he fails to specify any illicit conduct in precise and demonstrable terms. ECF No. 31 at 17-18.

A prisoner-plaintiff making a claim of retaliation under the First Amendment must prove: (1) the conduct which led to the retaliation was constitutionally protected; (2) the plaintiff suffered adverse action at the hands of prison officials sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights; and (3) a causal link between the constitutionally protected conduct and the adverse action. Rauser v. Horn, 241 F.3d 330, 333–34 (3d Cir. 2001).

If the prisoner establishes a prima facie case of retaliation, the burden then shifts to the prison official to show by a preponderance of the evidence that his action would have been the same, even in the absence of protected activity. Id. at 334. Such a showing will defeat the retaliation claim. Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002).

Although Plaintiff states in the "Legal Claims" section of the Complaint that Defendant Switzer is retaliating against Plaintiff for exercise of his rights to seek redress through use of the grievance system by "threat[en]ing [Plaintiff] with physical violence," ECF No. 1 ¶ 29, the Complaint contains no allegation of a threat. Accordingly, the Motion to Dismiss on this basis is granted without prejudice to Plaintiff's ability to file an Amended Complaint supporting this claim with factual allegations of a specific threat.

### 6. No allegations of a conspiracy

Defendants next allege that Plaintiff has failed to set forth allegations which could establish a claim for conspiracy. It is not clear to the Court that Plaintiff is alleging a claim of conspiracy. Plaintiff makes a single reference to Defendant Switzer's "co-conspired officers," id. ¶ 30, in a paragraph which appears to allege a claim for deliberate indifference. To the extent Plaintiff is asserting a claim of conspiracy, the Court agrees that he has failed to set forth a plausible claim thereof.

"In order to state a claim for conspiracy under § 1983, the plaintiff must demonstrate (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Eichelman v. Lancaster County, 510 F. Supp. 2d 377, 392 (E.D. Pa. 2007) (citation omitted). "To prevail on a conspiracy claim, the plaintiff must present evidence of an agreement -- 'the sine qua non of a conspiracy,' -- as it is 'not

9

enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism.'" Id. at 392-93 (citation omitted).

Plaintiff makes no allegation of an agreement between Defendant Switzer and the other officers. Accordingly, the Motion to Dismiss on this basis is granted without prejudice to Plaintiff's ability to file an Amended Complaint supporting a conspiracy claim with the requisite factual allegations.

### 7. Claim for punitive damages should be dismissed.

Defendants seek to have Plaintiff's request for punitive damages dismissed on the basis that Defendants' alleged conduct did not rise to the requisite level, *i.e.*, that it was neither motivated by evil motive or intent nor did it involve reckless or callous indifference to the federally protected rights of others. ECF No. 31 at 19-20 (citing Smith v. Wade, 461 U.S. 30, 56 (1983)). At this early stage of the litigation, the Court cannot assess the motivations of Defendants' conduct. Accordingly, the Motion to Dismiss on this basis is denied.

### 8. Defendants enjoy qualified immunity from suit.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants assert that they are entitled to qualified immunity in this suit because "Plaintiff has failed to sufficiently assert a cognizable claim that any of the Defendants violated a constitutional right." ECF No. 31 at 22. The Court has found that Plaintiff has sufficiently asserted plausible

cognizable claims of violations of his constitutional rights. Accordingly, the Motion to Dismiss on this basis is denied.

### 9. Amendment would be futile.

Finally, Defendants argue that "[b]ased upon the unfounded nature of all of the claims made by the Plaintiff," permitting Plaintiff to amend his Complaint would be futile. Id. The Court disagrees.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 30, is granted without prejudice as to: (1) all claims against Defendant Berrier; (2) the retaliation claim against Defendant Switzer; and (3) any claim of conspiracy. The Motion to Dismiss is denied as to the remaining claims. An appropriate Order follows.

**ORDER**

AND NOW, this 21st day of March, 2017, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, ECF No. 30, is DENIED IN PART and GRANTED IN PART without prejudice to Plaintiff's ability to file, within 30 days, an Amended Complaint setting forth all of his claims against all parties and correcting the deficiencies identified herein.

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, any party wishing to appeal from this Order must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

HECTOR VARGAS TORRES
JT-1711
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654